UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVER MILLION,<br><br>   Plaintiff,<br><br> v.<br><br>ANDREW SAUL, Commissioner of Social Security<br><br>   Defendant. | No. 2:19-cv-815-EFB<br><br><br>ORDER |

  Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 14 & 16. For the reasons discussed below, plaintiff's motion is granted, the Commissioner's cross-motion is denied, and the matter is remanded for further proceedings.

I. Background

  Plaintiff filed an application for SSI, alleging that she had been disabled since November 10, 2016. Administrative Record ("AR") at 215-223. Her application was denied initially and upon reconsideration. *Id.* at 101-05, 111-15. Two hearings were subsequently held before administrative law judge ("ALJ") Plauche F. Villere. *Id.* at 33-58, 60-74.

/////

1

On November 21, 2018, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[1] *Id.* at 17-27. The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since December 31, 2016, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: major depressive disorder with melancholic features, type II bipolar disorder, social anxiety disorder, and gender dysphoria (20 CFR 416.920(c)).

\* \* \*

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

\* \* \*

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant could perform simple and detailed tasks. The claimant could occasionally interact with coworkers, supervisors, and the public.

\* \* \*

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born [in] 1992 and was 24 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant number in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

\* \* \*

10. The claimant has not been under a disability, as defined in the Social Security Act, since December 31, 2016, the date the application was filed (20 CFR 416.920(g)).

AR at 19-27.

Plaintiff's request for Appeals Council review was denied on March 9, 2019, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.

II.     Legal Standards

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000);

3

1  *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*,
2  180 F.3d 1094, 1097 (9th Cir. 1999).

3      The findings of the Commissioner as to any fact, if supported by substantial evidence, are
4  conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is
5  more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th
6  Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a
7  conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v.*
8  *N.L.R.B.*, 305 U.S. 197, 229 (1938)).

9      "The ALJ is responsible for determining credibility, resolving conflicts in medical
10 testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
11 2001) (citations omitted). "Where the evidence is susceptible to more than one rational
12 interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."
13 *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

14 III.    Discussion

15     Plaintiff's motion advances four arguments. First, plaintiff argues that the ALJ failed to
16 adequately consider whether plaintiff's medical condition satisfies the criteria for Listings
17 12.04(c) and 12.06(c). Second, she argues that the ALJ failed to properly weigh the medical
18 opinion evidence of record. Third, she contends that the ALJ rejected her subjective complaints
19 absent clear and convincing reasons. Fourth, she argues that the ALJ failed to pose questions to
20 the vocational expert that accurately reflected the limitations contained in the residual functional
21 capacity ("RFC") determination. ECF No. 14 at 4-11. The court finds plaintiff's second
22 argument persuasive and, thus, declines to reach her remaining arguments.

23     A.    Relevant Background

24     Seven medical sources proffered opinions addressing plaintiff's mental limitations.
25 Plaintiff's treating physician, Dr. Ava Asher, determined plaintiff was moderately impaired in
26 interacting with others; maintaining concentration, persistence, or pace, and adapting or managing
27 oneself. AR 443. It was also her opinion that plaintiff had only a minimal capacity to adapt to
28 changes in environment or demands in daily life. *Id.*

1    Plaintiff was evaluated by two examining psychologist, Dr. Susan Barron, Ph.D. and Dr.
2    Lenore Tate, Ph.D.  Dr. Barron concluded plaintiff was moderately limited in maintaining regular
3    attendance, handling normal work-related stress from a competitive work environment,
4    completing a normal workday or workweek, staying consistent with adequate pace, and
5    maintaining productivity.  *Id*. at 422-23.  Dr. Barron also found plaintiff was moderately-to-
6    severely limited in accepting instructions from supervisors and interacting with coworkers and the
7    public.  *Id*. at 422.  Dr. Tate opined plaintiff was moderately impaired in interacting with
8    coworkers and the public but was no more than mildly impaired in her ability to function in all
9    other areas.  *Id*. at 437.

10    Four non-examining sources reviewed plaintiff's medical records and proffered opinions
11    as to her functional limitations.  State agency psychologist Mack Stephenson, Ph.D. opined that
12    plaintiff was moderately limited in carrying out detailed instructions, maintaining attention and
13    concentration, performing activities within a schedule, maintaining regular attendance and being
14    punctual; completing a normal workday and workweek; accepting instructions from supervisors;
15    and interacting appropriately with coworkers and the public.  *Id*. at 82-83.  State agency
16    psychiatrist L. Colsky concluded plaintiff could maintain a regular schedule; perform one to two
17    step tasks with adequate concentration, persistence, and pace; interact with coworkers and
18    supervisors on a "casual/superficial basis" with no more than usual supervisions.  *Id*. at 96-97.

19    The ALJ obtained written responses to interrogatories from non-examining psychiatrist
20    Dr. Ramon Fortuno.  Dr. Fortuno concluded plaintiff was moderately impaired in carrying out
21    complex instructions, making judgments on complex work-related decisions, and interacting
22    appropriately with supervisors, co-workers, and the public.  *Id*. at 566-57.  The ALJ also sought
23    testimony from Dr. Charles Kivowitz, M.D., a non-examining medical expert, at plaintiff's
24    second administrative hearing.  Dr. Kivowitz testified that plaintiff was able to perform detailed,
25    but not complex, tasks and occasionally interact with others.  *Id*. at 65-66.

26    B.    Discussion

27    In his decision, the ALJ afforded "significant weight" to each of the medical opinions of
28    record, except that of Dr. Fortuno, who opined that plaintiff had marked limitations in interacting

5

1 with others.² *Id*. at 25-26.  Plaintiff argues that the ALJ's decision provides no explanation as to
2 how each of these opinions, which include varying limitations, supported the RFC determination.
3 ECF No. 14 at 7-9.

4     An ALJ is required to make fairly detailed findings in support of his decision to allow for
5 meaningful judicial review.  *Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984).  The
6 findings must be sufficiently specific to permit the court to conclude that the findings are not
7 arbitrary.  *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).  The ALJ is also tasked with
8 "translating and incorporating clinical findings into a succinct RFC."  *Rounds v. Comm'r Soc.*
9 *Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).  Where an ALJ accords substantial or great
10 weight to a physician's opinion, he must either incorporate their findings into the RFC or offer an
11 explanation for why he chose not to accept them.  *See, e.g., Martin v. Comm'r of Soc. Sec.*
12 *Admin.*, 472 F. App'x 580 (9th Cir. 2012) (unpublished) ("The administrative law judge (ALJ)
13 erred when formulating Martin's residual functional capacity (RFC) because the RFC neither
14 incorporated Dr. Steiner's opinion of Martin's work limitations nor gave specific and legitimate
15 reasons for rejecting it."); *Neufeld v. Berryhill*, 2018 WL 4739699, *6 (C.D. Cal. Sept. 30, 2018)
16 ("Having afforded 'great weight' to the opinions of Dr. Bartell and Dr. Loomis, the ALJ was
17 bound to either incorporate their findings as to Plaintiff's limitations or explain why she decided
18 not to accept them.").

19     Despite purporting to give equal weight to nearly all medical opinions, the ALJ's decision
20 strongly suggests that he adopted, without explanation, Dr. Kivowitz's non-examining opinion.
21 Dr. Kivowitz testified plaintiff could perform simple and detailed, but not complex, tasks with
22 only occasional interaction with others.  AR 65-66.  These limitations are virtually identical to
23 those articulated in the ALJ's RFC determination.  *Id*. at 21.  The ALJ concluded that Dr. Asher,
24 Dr. Barron, Dr. Tate, Dr. Stephenson, and Dr. Colsky's opinions were entitled to significant
25 weight because they were "consistent with medical expert Dr. Kivowitz['s]" opinion.  AR 25.
26 This suggests Dr. Kivowitz's opinion was the starting point for the RFC determination.

---

28     ² The ALJ concluded Dr. Fortuno's opinion was entitled to "some weight" because the remaining assessed limitations were consistent with treatment notes.  AR 25.

Presumably, the ALJ adopted Dr. Kivowitz's opinion because it was presented in terms employed by Dictionary of Occupational Titles—e.g., frequently, occasionally—which differ somewhat from those utilized in the agency's regulations—e.g., moderate, marked. *See* SSR 83-10. But the ALJ's decision makes no attempt to explain how the other medical opinions of record are consistent with Dr. Kivowitz's opinion. To the ALJ's credit, the specific limitations identified by Dr. Kivowitz find support from the other medical opinions. Drs. Barron, Tate, Stephenson, Colsky, and Fortuno each concluded plaintiff was moderately impaired in her ability to intact with others. *Id*. at 83-83, 96, 422, 437, 567. With the exception of Dr. Stephenson, these sources also opined that the plaintiff was no more than mildly impaired in her ability to perform simple and detailed tasks.[3] *Id*. at 96, 422, 437, 566.

But these sources also concluded that plaintiff was at least moderately impaired in several other functional areas. For instance, Dr. Asher concluded that the plaintiff had only a minimal capacity to adapt to changes in environment or demands in daily life. *Id*. at 443. Likewise, Dr. Barron opined that plaintiff was moderately impaired in maintaining regular attendance, handling normal work-related stress, and completing a normal workday or workweek and staying consistent with adequate pace and productivity without interruption from a psychiatric condition. AR 422-23. And while examining psychologist Dr. Tate concluded that the plaintiff was only mildly limited in maintaining attendance and completing a normal workday/workweek, she also determined that plaintiff was moderately impaired in dealing with usual stress encountered in the workplace.

Despite giving significant weight to each of these opinions, the RFC determination contains no limitations regarding plaintiff's ability to adjust to changes, handle stress, maintain regular attendance, and complete a normal workday or workweek. *See Betts v. Colvin*, 531 F. App'x 799, 800 (9th Cir. 2013) (holding that ALJ erred where they gave great weight to doctor's opinion but failed to account for 'moderate' limitations in completing normal workweek without psychologically-based interruptions in the RFC); *Carroll v. Colvin*, 2016 WL 3144410, at *4-5

---

[3] Dr. Stephenson found plaintiff was moderately impaired in performing detailed tasks. AR 83

1  (W.D. Wash. June 6, 2016) (ALJ erred by failing to account for opinion that plaintiff would have
2  difficulty completing a normal workday and workweek despite limiting RFC to simple repetitive
3  tasks); *Markell v. Berryhill*, 2017 WL 6316825 at *7-8 (N.D. Cal. Dec. 11, 2017) (holding that
4  RFC limiting claimant to simple, repetitive tasks accounted for moderate impairment in
5  concentration, persistence, and pace, but did not account for limitations in attendance or ability to
6  interact with supervisors); *Scott v. Colvin*, 2015 WL 11438598, at *7 (N.D. Cal. Dec. 9, 2015)
7  ("While the ALJ's RFC here may adequately account for Plaintiff's moderate difficulty in
8  concentrating and focusing on sustained, productive work, [*Stubbs-Danielson*][4] does not hold that
9  a limitation to simple, routine work accounts for difficulties in maintaining attendance and with
10 communicating in the workplace."); *Olmedo v. Colvin*, , 2015 WL 3448093, at *8-9 (E.D. Cal.
11 May 28, 2015) (RFC limiting claimant to simple, repetitive tasks with no public contact did not
12 account for limitations in maintaining attendance and completing a normal workday or
13 workweek, among others).

14      Because the ALJ failed to provide any explanation as to why such opinions were not
15 incorporated into the RFC, remand for further proceedings is warranted. *Dominguez v. Colvin*,
16 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the
17 Commissioner of Social Security, with or without remanding the case for a rehearing, but the
18 proper course, except in rare circumstances, is to remand to the agency for additional
19 investigation or explanation.") (internal quotes and citations omitted).

20 IV.    Conclusion
21       Accordingly, it is hereby ORDERED that:
22       1. Plaintiff's motion for summary judgment is granted;
23       2. The Commissioner's cross-motion for summary judgment is denied;
24       3. The matter is remanded for further proceedings consistent with this order; and
25 /////
26 /////
27
28      [4] *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008).

8

4. The Clerk is directed to enter judgment in plaintiff's favor and close the case.

DATED: September 28, 2020.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE